UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:08CV68-J

LARRY D. MELTON                                                                         PLAINTIFF

VS.

MICHAEL J. ASTRUE,
     Commissioner of Social Security                                        DEFENDANT

MEMORANDUM OPINION

Before the Court is the complaint of Larry Melton ("Plaintiff" or "Claimant") seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. Section 405(g). After examining the administrative record ("Tr."), the arguments of the parties, and the applicable authorities, the Court is of the opinion that the decision of the defendant Commissioner should be affirmed.

PROCEDURAL HISTORY

On May 12, 2004, Claimant filed application for disability insurance benefits, alleging that he became disabled as of January 26, 2004 . After a hearing, Administrative Law Judge Timothy Keller ("ALJ") determined that Dr. Melton's neck pain, arthritis of the right foot and bipolar disorder were severe impairments that prevented him from performing any of his past relevant work. The ALJ further found that claimant retained the residual functional capacity for jobs that exist in significant numbers in the national economy. This became the final decision of the Defendant when the Appeals Council denied review on December 18, 2007.

STANDARD OF REVIEW

The social security disability inquiry differs somewhat from other similar inquiries such as

Worker Compensation or Veterans Administration, etc. In this field, there is no "percentage of disability" process, nor is it relevant whether the claimant would be hired for any particular job. The ultimate question is whether the plaintiff is unable to perform any substantial gainful employment, and the claimant bears the burden of persuasion. The disability benefits claimant must always bear the ultimate burden of establishing disability. Key v. Callahan, 109 F.3d 270 (6th Cir. 1997), Tyra v. Secretary, 896 F.2d 1024 (6th Cir. 1990).

The task of this Court on appellate review is to determine whether the administrative proceedings were flawed by any error of law, and to determine whether substantial evidence supports the factual determinations of the ALJ. Elam v. Commissioner, 348 F.3d 124 (6th Cir. 2003). "Substantial evidence" exists if there is sufficient evidence from which reasonable minds could arrive at the challenged conclusion. NLRB v. Columbian Enameling and Stamping Co., 306 U.S. 292 (1939); Foster v. Bowen, 853 F.2d 483 (6th Cir. 1988). If the proceedings are without reversible error and if substantial evidence exists to support the challenged conclusions, this Court must affirm, regardless of whether the undersigned would have found the facts differently.

The substantial evidence standard "presupposes that there is a zone of choice within which the decisionmaker can go either way, without interference by the courts. An administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite decision." Mullen v. Bowen, 800 F.2d 535, 545 (6 th Cir.1986). Significantly, under this standard, this Court is not to resolve conflicts in evidence and may not decide questions of credibility. See Garner v. Heckler, 745 F.2d 383, 387-88 (6th Cir.1984).

ARGUMENTS ON THIS APPEAL

Plaintiff contends in general that substantial evidence fails to support the conclusions of the

ALJ. The only specific argument presented is that the ALJ committed legal error in evaluating the opinion of his treating physician. He points to Dr. Pitcock's February of 2005 opinion that his patient was unable to sit or stand for more than thirty minutes at a time, was unable to use his hands for fine motor skills, and was unable to lift and carry more than five pounds. Tr. 230. Dr. Melton is correct in noting the weight ordinarily to be given to the opinion of a treating physician (assuming a treatment relationship and a course of treatment that supports the opinion, etc.). Furthermore, if great weight is not to be given to the treating physician's opinion, the ALJ must explain why. The problem for Dr. Melton's argument, however, is that the ALJ *did* properly explain his treatment of Dr. Pitcock's statement of physical limitations, and his justification – i.e., Dr. Pitcock's statement is not supported by his own treatment records – is both legally and factually supportable.[1]

The applicable law has been developed in this Circuit for some time and has been recently underscored. In <u>Wilson v. Commissioner</u>, 378 F.3d 541 (6th Cir. 2004), the court confirmed the weight ordinarily due the opinion of a treating physician. <u>Wilson</u> also re-emphasized the principle that the courts must hold the Commissioner to the requirements of 20 C.F.R. Section 404.1527(d)(2), which requires that the ALJ state clear reasons for rejecting or for limiting the weight given the opinion of a treating physician. See also Soc.Sec.Rul. 96-2p.

A treating physician's opinion is entitled to more weight if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in [the] case record." 20 C.F.R. S 404.1527(d)(2)(1999). In other words, the opinion of

---

[1] We note in passing that a doctor's statement of a patient's functional limitations falls within the area of medical expertise, but a doctor's statement that a patient is "disabled" or "unable to work" is not a medical opinion, but an intrusion into the province of the ALJ, and is not entitled to any deference. The finding of disability is made by the Commissioner, not by a physician. 20 C.F.R. Sec. 404.1527(e)(2).

a treating physician need not be given controlling weight unless supported by clinical or diagnostic findings, and a course of treatment consistent with the opinion regarding limitations. See Walters v. Commissioner of Social Security, 127 F.3d 525, 530 (6th Cir.1997); Bogle v. Sullivan, 998 F.2d 342, 347 (6th Cir.1993). "[I]n all cases there remains a presumption, *albeit a rebuttable one*, that the opinion of a treating physician is entitled to great deference," even if that opinion does not qualify for controlling weight. Rogers v. Commissioner of Social Security, 486 F.3d 234, 242 (6th Cir. 2007) (emphasis added). As is explained below, in this case there is ample evidence to rebut that presumption of great deference.

      The ALJ addressed Dr. Pitcock's February 2005 opinion, and accorded it "no weight." Tr. 20. The ALJ noted that the records showed *no* significant treatment for the allegedly disabling conditions, and that the two visits preceding the opinion were concerned with respiratory problems and fatigue (February 18, 2005 – Tr. 231), and sinus congestion (December 29, 2004 – Tr. 234). The ALJ also noted no treatment by Dr. Pitcock for any condition that would result in the limitations described in the February 2005 opinion. Dr. Pitcock's primary concerns about plaintiff appear to revolve around blood pressure and cholesterol. The medications for which Dr. Pitcock is responsible include a beta blocker (atenolol), an anti-hypertensive (atacand), a cholesterol lowering drug (tricor), and a sleep-aid (ambien). Tr. 239-240. Thus, while plaintiff can point to what appears to be a treating physician's opinion, he cannot point to any office notes that are remotely supportive of the extreme restrictions set out in that opinion. Under those circumstances, the law does not require the ALJ to blindly accept the bare conclusory statement of the physician.

      Not only is Dr. Pitcock's February 2005 opinion completely unsupported by his own treatment records, but it is inconsistent with the other medical evidence of record. A treating

physician's opinion, if uncontradicted, should be given complete deference. See, e.g., <u>Walker v. Secretary of Health & Human Servs</u>., 980 F.2d 1066, 1070 (6th Cir.1992).  Although plaintiff's brief on appeal inexplicably refers to Dr. Pitcock's opinion as uncontradicted, the record clearly shows contradictory findings and opinions.  As noted by the ALJ, consulting physician Dr. Fentress performed a full physical examination in October of 2006, and found few limitations in range of motion, strength, mobility, etc.  Dr. Fentress concluded that plaintiff could lift and carry twenty pounds occasionally and ten pounds frequently, and was not restricted in ability to sit, stand or walk. Tr.  308-309.  Just as Dr. Pitcock's opinion is *not* supported by objective findings, so is Dr. Fentress's opinion fully supported by objective findings.

The Court perceives no legal error in the ALJ's treatment of Dr. Pitcock's opinion, and there is substantial evidence to support the ALJ's conclusions as to residual functional capacity. As noted above, the question here is not whether there exists substantial evidence to support an opposite conclusion, but only whether substantial evidence supports the Commissioner's decision.  The Court has carefully reviewed the medical evidence of record and finds that it amply supports the conclusions of the Commissioner: The plaintiff has established the existence of medical conditions that have an impact on his ability to perform work-related tasks, preventing him from returning to his previous work, but he has not established that he is unable to perform the range of jobs identified by the ALJ as being within his residual functional capacity.  The decision of the Commissioner must be affirmed.  An order in conformity has this day entered.